IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ALAN ANTON,

        Plaintiff,                        CV F 05 0412 OWW WMW P

   vs.                                ORDER DISMISSING COMPLAINT
                                          WITH LEAVE TO AMEND

LT. RUIZ, et al.,

        Defendants.

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the original complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Lancaster, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Lancaster State Prison and Corcoran State Prison.[1] Plaintiff names as correctional defendants: Lieutenant Ruiz, Warden Scribner, Correctional Officer Mendez, and "Medical Department and treating physicians."

The claims in this lawsuit stem from a disturbance on Tuesday, September 28,

---

[1] Plaintiff also names as defendants individual inmates. There are no facts alleged that indicate these defendants acted under color of state law. Paratt v.Taylor, 451 U.S. 527, 535 (1981). The inmate defendants must therefore be dismissed.

2004 at CSP Corcoran B yard. As plaintiff was approaching his cell, he was attacked by two inmates, who began striking plaintiff in the face. Plaintiff assumed a defensive posture when two other inmates joined the attack on plaintiff. Defendant Mendez, the Control Booth Officer, filed eight wooden blocks from a 40mm baton launcher. Plaintiff alleges that while he was on the ground in a prone position, "numerous shots continued to ring out and ricochet, one directly striking petitioner's left hand, ripping it open to the bone and destroying the knuckle."

After officials restored control, plaintiff was taken to the Acute Care Hospital. Prior to being taken to the hospital, plaintiff was decontaminated. Plaintiff alleges that three large canisters of O.C. pepper spray were discharged. So much so that "the tier was was also extensively slippery."

Plaintiff was placed in a holding cage to await transportation to Administrative Segregation. Lt. Ruiz advised plaintiff that "I do not want to do the paperwork on this incident and lock the good white boys down who had nothing to do this, it would be for weeks and your name becomes smut, for being a victim you'll be hurt again. But I can say you were a participant in the melee, you were getting the better of two fresno car boys and their buddies came to help them." Plaintiff did not respond to Lt. Ruiz's suggestion. Plaintiff alleges that Lt. Ruiz falsely accused and charged plaintiff with mutual combat.

At the Institutional Classification Committee review in Administrative Segregation, Capt. Miller "clearly identify pet. As protecting himself from getting smased and to avoid great bodily injury or harm and in the furtherance of justice any further collection of evidence became unecessary and the Rules Violation Report's specific acts of mutual combat is removed from pet. 'C' central file or never placed there." Plaintiff alleges that all inmates remained confined to quarters for one day. Plaintiff was placed in Administrative Segregation on the ground that he was a threat to the safety of others.

Medical Care

1    Plaintiff claims that he was denied adequate medical care.  Specifically, plaintiff
2 alleges that after his hand was sutured, "no further evaluation of pet./plaintiff's injured and
3 swollen left hand occurred.  No MRI or X-raying of pet. injuries to see if pet. had suffered any
4 fractures involving second and third metacarpals or soft tissue, which indeed caused abnormal
5 healing position, traumatic deformities and one bent nose."  Plaintiff alleges that when he was
6 transferred to Lancaster State Prison, he was told that the treatment for his disfigurement was
7 cosmetic and was therefore disapproved.
8    Under the Eighth Amendment, the government has an obligation to provide
9 medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir.
10 2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual
11 punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'"  Id.
12 (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to
13 evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."
14 First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second,
15 a court must determine whether "officials intentionally interfered with [the plaintiff's] medical
16 treatment."  Id. at 1132.
17    In order to hold a named defendant liable, plaintiff must allege facts indicating
18 that the defendant knew of a serious risk to plaintiff's health, and disregarded that risk.
19 Allegations of inadequate care that amount to negligence fail to state a claim for relief.  Even
20 gross negligence is insufficient to establish deliberate indifference to serious medical needs.
21 Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).
22    Here, plaintiff fails to identify any particular individual defendants that acted with
23 deliberate indifference to plaintiff's health as that term is described above.  Plaintiff alleges that
24 after control was restored, he was decontaminated, taken to the Acute Care Hospital and treated.
25 Plaintiff alleges that medical staff in general have ignored his requests for further treatment, but
26

he does not identify any particular individuals.  In order to hold an individual liable, plaintiff must charge that individual with conduct that indicates deliberate indifference.

### Excessive Force

Plaintiff contends that defendant Mendez, the officer in the control tower, engaged in excessive force when he fired the wooden rounds.  The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  The proscription applies to the states through the Due Process Clause of the Fourteenth Amendment. Robinson v. California, 370 U.S. 660 (1962).  Prison brutality is part of the total punishment to which the individual is being subjected for his crime and, as such, is a proper subject for Eighth Amendment scrutiny. Ingraham v. Wright, 430 U.S. 651, 669, (1977).  The Eighth Amendment is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions and serves as the primary source of substantive protection to convicted prisoners in cases where the deliberate use of force is challenged as excessive and unjustified.  Whitley v. Albers, 475 U.S. 312, 327,(1986); see also Graham v. Connor, 490 U.S.386, 392 n.10 (1989).

To constitute the "unnecessary and wanton infliction of pain" in the prison context, the United States Supreme Court requires that both the objective and subjective component of the Eighth Amendment be satisfied. Wilson v. Seiter, 501 U.S. 294 (1991).  First, the deprivation complained of must be sufficiently serious by objective standards. Id. 501 U.S. at 297.  A deprivation is sufficiently serious if it denies "'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (violation requires showing of unnecessary and wanton infliction of pain resulting in a physical injury which is of such base, inhumane and barbaric proportions as to shock the sensibilities)). See Hudson v. McMillian, 503 U.S.1,(1992) (objective prong not met where injury is de minimus); but see, Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993) (Hudson substantial injury requirement met by

4

psychological harm alone, such that body searches of female inmates by male guards constitutes cruel and unusual punishment).

Second, the prison officials responsible for the deprivation must act with a sufficiently culpable state of mind by subjective standards. Id. To be sufficiently culpable, "the offending conduct must be wanton." Wilson, 501 U.S. at 299. In situations where officials are not acting under pressure, "deliberate indifference" constitutes wantonness. Id. at 299-300. Where a prison security measure is undertaken to resolve a disturbance, the question of whether the measure taken inflicted unnecessary and wanton pain and suffering in violation of the Eighth Amendment turns on whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. Whitley v. Albers, 475 U.S. 312, 320-21 (1986).

Here, the facts alleged indicate that a fight involving five inmates was underway. Plaintiff alleges no facts indicating that Mendez acted with wantonness. That Mendez's shots failed to hit the intended target does not subject him to liability. Plaintiff's conclusory allegation that Mendez was insufficiently trained does not subject him to liability. That Mendez had only been on the job 8 months does not establish a constitutional violation. Plaintiff must allege some facts indicating that Mendez acted with wantonness and recklessness. An allegation that Mendez fired wooden rounds in response to inmate on inmate combat, with nothing more, fails to state a claim for relief.

Disciplinary Hearing

Though unclear from the complaint, it appears that plaintiff is challenging his disciplinary process on the ground that Lt. Ruiz falsified evidence. In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not

cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

      The court finds this claim to be vague. There are no specific allegations regarding what, if anything, plaintiff was found guilty of or found not guilty of. Further, there are no allegations regarding the invalidation of any guilty finding, other than the allegation that Capt. Miller directed that no further evidence be collected and some action taken regarding plaintiff's central file. Specifically, there are no allegations that plaintiff's conviction (if any) was reversed or expunged on the ground that Lt. Ruiz falsified evidence.

      The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

1  IT IS SO ORDERED.

2  **Dated:    March 8, 2006**              **/s/  William M. Wunderlich**
   mmkd34                                   UNITED STATES MAGISTRATE JUDGE