**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT ALAN ANTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C/O TAKIER, et al.<br><br>　　　　Defendants. | 1:05-cv-000412- OWW-YNP- SMS-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc.  58 ) |

　　　　Plaintiff is a state prisoner proceeding pro se in this civil rights action.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Pending before the Court is Plaintiff's motion for reconsideration of the October 8, 2009, order adopting the findings and recommendations of the Magistrate Judge and dismissing this action for Plaintiff's failure to exhaust administrative remedies prior to filing suit.[1]

　　　　Plaintiff proceeded on a failure to protect claim against Defendant Correctional Officer Mendez.  The claim stems from a disturbance on Tuesday, September 28, 2004, at CSP Corcoran on B yard.  Plaintiff was attacked by other inmates.  Plaintiff alleges that while he was on the ground in a prone position, Defendant Mendez shot him with a 40mm baton launcher, striking

---

[1] On July 24, 2008, an order was entered by the District Court adopting the findings and recommendation of the Magistrate Judge and dismissing Defendants Ruiz, Scribner and Plaintiff's medical care claim.  Defendant Mendez was the sole remaining defendant.

him in the left hand with a wooden block.   Defendant moved to dismiss on the ground that Plaintiff failed to exhaust his administrative remedies prior to filing suit.   42 U.S.C. § 1997e(a) mandates that prisoners may not bring an action under 42 U.S.C. § 1983 until such administrative remedies as are available are exhausted.   On August 25, 2009, findings and recommendations were entered, recommending that Defendant Mendez's motion to dismiss be granted, and this action be dismissed for Plaintiff's failure to exhaust his available administrative remedies prior to filing suit.   Specifically, the Magistrate Judge found that Defendant had met his burden of coming forward with evidence that, though Plaintiff filed numerous inmate grievances, he failed to file an inmate grievance regarding the conduct at issue in this lawsuit.

       The findings and recommendations indicated that Plaintiff did file a document captioned as a "§ 832.5 citizen's complaint."   Plaintiff did include as an exhibit an inmate grievance form, CDCR form 602, dated September 30, 2006. That grievance was filed at CSP Lancaster, and addressed Plaintiff's request for emergency dental care.   Plaintiff also filed a document styled as an opposition to Plaintiff's reply.   Plaintiff attached a grievance that directly addressed the conduct at issue in this lawsuit.   The grievance however, was dated August 1, 2008.   The Magistrate Judge concluded that though Plaintiff did attempt to exhaust his administrative remedies by filing a grievance on August of 2008, the Ninth Circuit has held that District Courts are required under the Prison Litigation Reform Act to dismiss actions without prejudice where the prisoner has failed to exhaust his administrative remedies prior to filing suit but was in the process of doing so when the motion to dismiss was filed.   <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002).   The findings and recommendations were entered on August 25, 2009.   Plaintiff failed to timely file objections, and the findings and recommendations were adopted by the District Court on October 8, 2009.    On October 20, 2009, Plaintiff filed objections and the motion for reconsideration that is before the Court.

       Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.   The rule permits a district court to relieve a party from a final order or judgment

2

on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event, "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)(en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988). The Ninth Circuit has held that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

Plaintiff's objections consist of 5 pages of written argument and 15 pages of exhibits. Plaintiff's argument consists of a rambling narrative, largely taken up with generalized statements regarding the facts alleged in the complaint. Plaintiff also makes general reference to the grievance process, and expresses his dissatisfaction with the rulings in this case. Plaintiff appears to argue that he does state a claim for relief against Defendant Mendez, and that he has exhausted his administrative remedies. The Court has reviewed Plaintiff's exhibits, and finds that Plaintiff has not come forward with any evidence that he exhausted his available administrative remedies prior to filing suit. The exhibits clearly indicate that Plaintiff attempted to exhaust his remedies after this suit was filed, as noted in the August 25, 2009, finding and recommendation. There is no evidence that Plaintiff exhausted his remedies before filing this lawsuit.

3

In his document titled as a motion for reconsideration, Plaintiff indicates that he attempted to object to the findings and recommendations by submitting them under another inmate's name.  The inmate Plaintiff refers to filed four civil rights cases in this district, all of which are closed.  Plaintiff has cited no new facts, new law, mistake, fraud, or other extraordinary circumstances that would entitle Plaintiff to reconsideration.  See Fed.R.Civ.Pro. 60(b); Fed.R.Civ.Pro. 72(a); Local Rule 230(j).  As such, Plaintiff is not entitled to reconsideration.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration of the October 8, 2009, order dismissing this action is denied.

IT IS SO ORDERED.

**Dated:   June 28, 2010**                             /s/ Oliver W. Wanger
                                                                    UNITED STATES DISTRICT JUDGE

4